## SAIF CORPORATION
and Terminal Transfer, Inc.,
*Petitioners,*

*v.*

## Paul E. ROSS
and Department of Consumer & Business Services,
*Respondents.*

H00-111 and H01-041; A118745

84 P3d 823

Jerome P. Larkin for the petition.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

In *SAIF v. Ross*, 191 Or App 212, 82 P3d 1035 (2003), we held that the Workers' Compensation Board (board) did not err in interpreting *former* OAR 436-010-0230(3)(a) (1999), *renumbered as* OAR 436-010-030(4)(a) (2003), which provides, in part:

> "[S]ervices * * * by a medical service provider other than the attending physician shall not be reimbursed unless carried out under a written treatment plan prescribed * * * and approved by the attending physician * * *. The treatment plan shall include objectives, modalities, frequency of treatment and duration. The treatment plan may be recorded in any legible format including, but not limited to, signed chart notes. A copy of the signed treatment plan shall be provided to the insurer by the attending physician * * *."

The board held that claimant satisfied this rule when his attending physician submitted, over a period of time and in different documents, the information required by the rule, even if it did not all appear in a single signed document. We upheld the board's interpretation, finding it not implausible. *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994). Petitioners now ask us to reconsider our opinion. Their request asserts three errors. The first two simply reargue issues that we decided in the original opinion and we reject them without discussion. The third points out that we affirmed the board's order finding SAIF Corporation "liable for chiropractic treatment provided by Dr. Watts after March 3, 2000." The signed letter from claimant's attending physician containing the last elements listed in *former* OAR 436-010-0230(3)(a) was dated January 31, 2001. Petitioner argues that we "should therefore remand the case to the director with instructions to modify the final order so that SAIF Corporation is liable only for chiropractic treatments provided by Dr. Watts on and after January 1, 2001." That position is correct. We therefore revise our disposition of the case as follows: We remand to the board with instructions to hold SAIF liable for claimant's chiropractic treatments provided by Dr. Watts on and after January 1, 2001.

Reconsideration allowed; former disposition withdrawn; reversed and remanded with instructions to enter order holding petitioner responsible for chiropractic treatment on and after January 1, 2001; otherwise affirmed.